IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OJSC UKRNAFTA** § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | CIVIL ACTION NO. 4:09-cv-891 | |
| § | | |
| **CARPATSKY PETROLEUM** § | | |
| **CORPORATION, a Delaware Corporation;** § | | |
| **TAUREX RESOURCES PLC;** § | | |
| **ROBERT BENSCH and** § | | |
| **KUWAIT ENERGY COMPANY, K.S.C.** § | | |
| § | | |
| Defendants. § | | |

### DEFENDANT CARPATSKY PETROLEUM CORPORATION'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and 9 U.S.C. § 205, Defendant Carpatsky Petroleum Corporation ("Carpatsky") removes this action, which had been pending as Cause No. 2009-11250 in the 190th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice, Defendant Carpatsky states as follows:

1.  The district courts of the United States have original jurisdiction over this action because the claims arise under the laws and treaties of the United States in that such claims arise under or relate to an agreement between Carpatsky, a United States corporation (Delaware), and Plaintiff OJSC Ukrnafta, a Ukrainian corporation, and the agreement, which relates to the development of a gas condensate field in Ukraine, contains an arbitration agreement. The arbitration agreement is set forth in that certain document titled "Changes and Amendments" dated August 26, 1998, a copy of which is attached hereto as Exhibit A. The Changes and Amendments amended a Joint Activity Agreement between the parties, dated September 14,

1995, which has been amended numerous times since its original execution.  For the Court's convenience, a consolidated version of the Joint Activity Agreement, incorporating all of the amendments into a single document, is attached hereto as Exhibit B.  The United States and Ukraine are contracting states under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), and therefore, the arbitration agreement falls under the Convention.  Pursuant to Section 203 of the Federal Arbitration Act ("the Act"), 9 U.S.C. § 203, actions or proceedings falling under the Convention are deemed to arise under the laws and treaties of the United States, and the district courts of the United States have original jurisdiction over such actions or proceedings, regardless of the amount in controversy.

      2. Removal of this action is proper under Section 205 of the Act, 9 U.S.C. § 205, which provides that where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement falling under the Convention, the defendant or defendants may remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.  Section 205 of the Act further provides that the ground for removal provided in such section need not appear on the face of the complaint but may be shown in the petition for removal.

      3. This Notice of Removal is timely because Section 205 of the Act provides that where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement falling under the Convention, the defendant or defendants may remove such action or proceeding at any time before the trial thereof.  The state court action in this matter was filed on February 23, 2009, Carpatsky was served on March 2, 2009, and the case has not been tried.

4. Removal under Section 205 of the Act does not require the consent of all defendants. Here, the consent of Defendants Taurex Resources PLC, Robert Bensch and Kuwait Energy Company, K.S.C., is not required for the further reason that such defendants have not been served.

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached are the following:

    (i) State Court Docket Sheet (Exhibit C);

    (ii) Plaintiff's Original Petition, Request for Injunctive Relief and Jury Demand (Exhibit D);

    (iii) Carpatsky Petroleum Corporation's Original Answer and Plea in Abatement (Exhibit E); and

    (iv) Citation for Carpatsky Petroleum Corporation (Exhibit F).

6. Pursuant to 28 U.S.C. § 1446(d), Carpatsky will give written notice of this Notice of Removal to the adverse party and will file a copy of the Notice with the Clerk of the 190th Judicial District Court of Harris County, Texas. The Notice of Removal of State Court Action is attached hereto as Exhibit G.

WHEREFORE, Defendant Carpatsky Petroleum Corporation prays that this case be removed to this Court and placed on the Court's docket for further proceedings as though it had been originally instituted here.

        Respectfully submitted,

        By:    s/Stuart C. Hollimon
           Stuart C. Hollimon
           Texas Bar No. 09878500
           S.D.O.T. No. 139075
           600 Travis, Suite 4200
           Houston, Texas  77002
           (713) 220-4033
           Fax: (713) 238-7212
           stuarthollimon@andrewskurth.com

        Attorney-In-Charge for Defendant,
        CARPATSKY PETROLEUM CORPORATION

OF COUNSEL:
ANDREWS KURTH LLP
Jeffrey D. Migit
Texas Bar No. 00794306
S.D.O.T. No. 20433
jmigit@andrewskurth.com
Timothy S. McConn
Texas Bar No. 24032713
S.D.O.T. No. 32228
tmcconn@andrewskurth.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been served on Plaintiff's counsel of record by certified mail, return receipt requested, this 26th day of March, 2009.

     R. Paul Yetter
     Shawn M. Bates
     Yetter, Warden & Coleman, L.L.P.
     909 Fannin, Suite 3600
     Houston, Texas 77010

           s/Stuart C. Hollimon
           Stuart C. Hollimon