IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OJSC UKRNAFTA | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | |
| | § | |
| CARPATSKY PETROLEUM | § | CIVIL ACTION NO. 4:09-CV-891 |
| CORPORATION, a Delaware | § | |
| Corporation, et al. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CARPATSKY PETROLEUM CORPORATION'S UNOPPOSED SECOND MOTION TO REINSTATE CASE, TO LIFT STAY, AND TO SET BRIEFING SCHEDULE ON MOTION TO CONFIRM ARBITRATION AWARD**

Defendant Carpatsky Petroleum Corporation ("Carpatsky") files this Unopposed Second Motion to Reinstate Case, to Lift Stay, and to Set Briefing Schedule on Carpatsky's Pending Motion to Confirm Arbitration Award (Dkt. # 33), and would respectfully show the Court as follows:

## I. SUMMARY

This case was originally filed in 2009. It has been stayed for almost eight years, pending a Swedish arbitration and subsequent appeals in the Swedish courts. All appellate avenues in Sweden have now been exhausted, and the $145-million-dollar final arbitration award in favor of Defendant Carpatsky Petroleum Corporation ("Carpatsky") has been upheld. Carpatsky therefore moves this Court to reinstate this case on its active docket, lift the stay, and set a briefing schedule on Carpatsky's pending motion to confirm the arbitration award. (Dkt. # 33).

## II. BACKGROUND & ARGUMENT

This case concerns the validity of certain amendments to a Joint Activity Agreement between the parties relating to the development of the Rudivsky-Chervonozavodsky gas

condensate field in Ukraine. When Ukrnafta filed this lawsuit on February 23, 2009, its arguments were already the subject of a pending arbitration commenced by Carpatsky a year-and-a-half earlier in Stockholm, Sweden. Thus, on April 7, 2009, the Court granted Carpatsky's motion to stay this action in favor of the Swedish arbitration proceeding. (Dkt. #11).

The Stockholm arbitral tribunal issued a final award in favor of Carpatsky on September 24, 2010, (the "Final Award"). *See* Ex. A. On March 10, 2011, Carpatsky filed a motion to confirm the Final Award and to dismiss Ukrnafta's claims against it in this proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitration Awards (the "Convention"). (Dkt. # 21). On October 12, 2011, the Court denied Carpatsky's motion without prejudice and ordered the case stayed, pending resolution of two Swedish proceedings in which Ukrnafta sought to challenge the Final Award. (Dkt. #29).

The first of Ukrnafta's challenge proceedings in Sweden began while the arbitration was still underway. In May of 2009, Ukrnafta brought an action in the District Court of Stockholm seeking a declaration that the arbitral tribunal lacked jurisdiction. On December 13, 2011, the District Court of Stockholm ruled that the arbitrators had jurisdiction and awarded Carpatsky recovery of its costs and legal fees. *See* Ex. B. Ukrnafta was permitted to appeal. On November 30, 2012, the Swedish Court of Appeal issued its opinion affirming the District Court's decision. *See* Ex. C. Ukrnafta then filed an application for review with the Supreme Court of Sweden. On June 17, 2013, the Supreme Court of Sweden denied Ukrnafta's application for certiorari. *See* Ex. D.

The second of Ukrnafta's challenge proceedings commenced on December 23, 2010, when Ukrnafta brought an action in the Swedish Court of Appeal challenging the Final Award on the basis of a lack of jurisdiction and alleged procedural irregularities. It eventually became

clear that this appeal would not be fully resolved before the three-year anniversary of the Final Award, which is the deadline set by the Convention for moving to confirm an arbitration award. *See* 9 U.S.C. § 207. To avoid any potential expiration of limitations, on September 23, 2013, Carpatsky filed (i) a motion to reinstate this case on the Court's active docket (Dkt. # 32) and (ii) a renewed motion to confirm the arbitration award (the "Motion to Confirm"). (Dkt. # 33). Carpatsky simultaneously filed an unopposed motion to adjourn the Court's consideration of the Motion to Confirm pending final resolution of the still-ongoing Swedish appeal. (Dkt. # 34).

The Court granted both the motion to reinstate and the motion to adjourn. In an order dated September 26, 2013, the Court directed that "all proceedings in this case, including all briefing on and consideration of Carpatsky's motion to confirm arbitration award and dismiss plaintiff's claims, are STAYED until the parties notify the court that plaintiff OJSC Urknafta's pending appeal before the Swedish Court of Appeals has been fully and finally resolved." (Dkt #35). The Court later signed an order administratively closing the case. (Dkt # 36).

On March 26, 2015 the Swedish Court of Appeal issued its opinion upholding the Final Award and denying Ukrnafta any right to further appeal in accordance with Swedish law. *See* Ex. E. Following the Swedish Court of Appeal decision, on May 12, 2015, Carpatsky filed a motion in this Court to lift the stay and to set a briefing schedule on its Motion to Confirm. (Dkt. #37). In response, Ukrnafta advised the Court that it intended to petition the Supreme Court of Sweden to set aside the decision of the Court of Appeal on grounds of "grave procedural error" pursuant to Chapter 59 of the Swedish Code of Judicial Procedure. (Dkt. # 39). Based upon Ukrnafta's assertion, the Court denied Carpatsky's motion to lift the stay and instructed the parties to advise the Court "once Ukrnafta's rights to appeal in Sweden have been exhausted." (Dkt. # 40).

On December 9, 2016, the Supreme Court of Sweden issued a ruling denying Ukrnafta's application to set aside the decision of the Court of Appeal on grounds of grave procedural error. *See* Ex. F. All of Ukrnafta's avenues for appeal in Sweden have now been fully and finally exhausted. Carpatsky therefore requests that the Court (i) reinstate this case on its active docket, (ii) lift the stay, and (iii) set a schedule for briefing on Carpatsky's previously filed Motion to Confirm (Dkt. #33). Ukrnafta does not oppose the requested relief.

Regarding the briefing schedule, Carpatsky requests the following framework:

    i.    30 days for Carpatsky to file a supplement to its Motion to Confirm, in order to address factual and legal developments that have occurred since the motion was originally filed in September of 2013;

    ii.    60 days for Ukrnafta to file its response brief; and

    iii.    30 days for Carpatsky to file a reply brief.

Ukrnafta does not oppose the briefing schedule outlined above. These time frames will allow the parties sufficient time to adequately brief the Court, while also ensuring that this case is moving efficiently toward final resolution. A proposed order consistent with these timelines has been submitted with this motion.

### III. CONCLUSION & PRAYER

For all the foregoing reasons, Defendant Carpatsky Petroleum Corporation prays that this case be reinstated on the Court's active docket, that the stay be lifted, and that the Court set a briefing schedule on Carpatsky's pending Motion to Confirm Arbitration Award and Dismiss Plaintiff's Claims With Prejudice, wherein Carpatsky is allowed 30 days to file a supplement to the motion, Ukrnafta is allowed 60 days to respond, and Carpatsky is allowed 30 days to reply.

|                                   | Respectfully submitted,                        |
|-----------------------------------|------------------------------------------------|
| OF COUNSEL:                       |                                                |
|                                   | By: */s/Stuart C. Hollimon*                    |
| ANDREWS KURTH LLP                 | Stuart C. Hollimon                             |
|                                   | Texas Bar No. 09878500                         |
| Kelly Sandill                     | S.D.O.T. No. 139075                            |
| Texas Bar No. 24033094            | ANDREWS KURTH LLP                              |
| S.D.O.T. No. 38594                | 600 Travis, Suite 4200                         |
| 600 Travis, Suite 4200            | Houston, Texas 77002                           |
| Houston, Texas 77002              | Telephone: (713) 220-4033                      |
| Telephone: (713) 220-4181         | Fax: (713) 238-7212                            |
| Fax: (713) 238-7304               | stuarthollimon@andrewskurth.com                |
| ksandill@andrewskurth.com         |                                                |
|                                   | ATTORNEY-IN-CHARGE FOR DEFENDANT,              |
|                                   | CARPATSKY PETROLEUM CORPORATION                |

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 30th day of January 2017, I conferred with counsel for Plaintiff OJSC Ukrnafta, who indicated that Plaintiff is not opposed to this motion.

*/s/ Kelly Sandill*
Kelly Sandill

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

R. Paul Yetter
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010

*/s/ Kelly Sandill*
Kelly Sandill

HOU:3753754.1